E-FILED
Friday, 03 September, 2004 01:31:00 PM
Clerk, U.S. District Court, ILCD

Carlos Rivera
12700-026 W-D
FCI Forrest City
P.O. Box 9000
Forrest City, Arkansas 72336

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

FILED
SEP 0 3 2004
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **CARLOS RIVERA,** | CASE NO.: 02-3276 |
| Movant, | |
| vs | REPLY TO GOVERNMENT'S RESPONSE TO MOTION PURSUANT TO RULE 60(b). |
| **UNITED STATES OF AMERICA,** | |
| Respondent, | |

Movant Carlos Rivera, (Hereinafter, "Rivera") submits the following reply to the government's response to Rivera's motion pursuant to Rule 60(b).

The government contends that this Court has no jurisdiction in this matter. However, Rule 60(b), which permits litigants to request a new trial based on mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, misrepresentation and other misconduct under Rule 60(b) by filing a motion with the trial court, states that the court, at any time of its own initiative or by motion, may correct as the court orders.

Although the Court of Appeals did not determine that defense counsel was ineffective for not filing a direct appeal, they could determine that defense counsel was ineffective for not knowing the defendant's rights under the Sixth Amendment.

What the government suggests is that Rivera not receive the inevitable relief if he does not file a second or successive 2255 motion. It appears that the government is attempting to further Rivera's injury out of vindictiveness.

This Honorable Court, long ago, in an order for a hearing to determine whether defense counsel in the case at bar was told by Rivera to file a direct appeal, stated that Rivera had a right to appeal the quantity of drugs and the gun charge. Rivera did not give up that right. As a matter of fact, Rivera preserved his right regarding the amount of drugs and the gun bump.

The Supreme Court has unequivocally determined that *the Sixth Amendment to the Constitution is alive and well.* Just because defense counsel is not knowledgeable of the constitution of this United States, does not connote that Rivera has lost his constitutional rights. The decision in *Blakely* is further confirmation of Rivera's Sixth Amendment rights.

Had defense counsel been knowledgeable regarding his client's rights pursuant to the Sixth Amendment, there would have been no necessity for the pleadings that have brought Rivera this far.

The Prosecutor's submission that, regardless of any substantive error in the petitioner's sentence, Petitioner should stay in prison is about as callus and malevolent as a person can get. The prosecutor's submission clearly evidences that the government is cognizant that justice was not served, but rather that justice was abused. Assistant United States Attorney Timothy A. Bass would now request that this Court further abuse the justice system.

This Honorable Court must recognize the need to preserve justice and resentenced Rivera immediately even if it means an immediate release from incarceration.

It is noteworthy to respond to Assistant United States Attorney Bass' threat of peril for Rivera's challenge to his sentence. The practice of placing a waiver of appeal or collateral

challenge in a plea agreement to save the United States from investing in further adjudication should be discontinued in every criminal case. The majority of defendants do not possess knowledge regarding such matters and, unless the defendant, defense counsel, the prosecutor or even the court has a crystal ball or other talents that would permit them to see into the future, it is not known at the time of such a waiver what circumstances may arise that would require revisiting a case. There are far too many citizens serving draconian sentences because, even though they are deserving of relief, they are denied seeking relief or fear the "perils" for seeking relief due to the government's placing a waiver in their plea agreements. Furthermore, harsher sentence on remand or any other perils that the prosecution may wish to place on the defendant would be in retaliation and a further deprivation of the defendant's due process rights.

It is evident that Rivera was already deprived of due process when Rivera's sentence was based on a disputed amount of drugs and enhanced 2 points for a firearm.

Because Rivera did not admit to the amount of drugs and the amount of drugs was not presented to a jury for a finding, Rivera's sentence cannot be sustained. Furthermore, because Rivera did not admit to the firearm charge and the firearm charge was not presented to a jury for a finding, Rivera's sentence cannot be sustained.

For the points of authority and reasons stated herein, Carlos Rivera is entitled to have his sentence vacated and to be immediately released from incarceration

Respectfully submitted this 31st day of August 2004.

*Carlos Rivera*
Carlos Rivera, pro se

3

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing has been sent this 31st day of August 2004 by placing the same in the United States Mail, first class postage prepaid, for delivery to;

Assistant U.S. Attorney
Timothy A. Bass
312, U.S. Courthouse
600 East Monroe Street
Springfield, Illinois. 62701

*Carlos Rivera*
Carlos Rivera