E-FILED
Wednesday, 20 October, 2004  03:13:22 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CARLOS RIVERA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 02-3276 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Petitioner Carlos Rivera's Motion Pursuant to Rule 60(b) (d/e 30). On October 24, 2002, Rivera filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1). This Court denied the Motion on September 8, 2003, after an evidentiary hearing. The Court granted Rivera a limited certificate of appealability on December 19, 2003. On February 13, 2004, the Court of Appeals vacated the certificate of appealability and dismissed Rivera's appeal. In a Motion captioned under Fed. R. Civ. P. 60(b), Petitioner now asks the Court to vacate his sentence in light of the Supreme Court's decision in Blakely v. Washington, 124 S.Ct. 2531 (2004).

1

The Government has filed a Motion to Dismiss Petitioner's Motion under Fed. R. Civ. P. 60(b) (d/e 31). For the reasons set forth below, Rivera's Motion is dismissed for lack of jurisdiction.

Paragraph 8 of 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), requires a second or successive § 2255 motion to be certified by the Court of Appeals as set out in 28 U.S.C. § 2244. "[A] motion . . . in a case already on file can be a 'second or successive motion' under the AEDPA." Johnson v. United States, 196 F.3d 802, 805 (7th Cir. 1999). The Seventh Circuit has held that a post-judgment motion under Fed. R. Civ. P. 60(b) which advances new theories of relief is merely "a transparent attempt to avoid the need for prior appellate approval of a second collateral attack." Id. (citing Burris v. Parke, 130 F.3d 782, 783 (7th Cir. 1997)). Such a motion "must be seen for what it is and dismissed by the district judge." Id. "Prisoners cannot avoid the AEDPA's rules by inventive captioning. Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citations omitted) (emphasis in original).

Rivera's Rule 60(b) Motion is clearly an attempt at a second collateral attack. The Motion asserts that Rivera's sentence is unconstitutional under Blakely because the facts supporting the drug quantity determination and a firearm enhancement were not either admitted or proven to a jury beyond a reasonable doubt. In his Reply to the Government's Response to Motion pursuant to Rule 60(b) (d/e 32), Rivera further contends his counsel was ineffective for not recognizing the Blakely issues in his case. Rivera did not raise these issues in his initial § 2255 Motion, and Rivera does not assert a Rule 60(b) claim relating to this Court's judgment in his habeas case. "Rule 60(b) cannot be used to seek relief on the basis that the movant's conviction was based on a mistake of law, for that is territory occupied by AEDPA." Dunlap v. Litscher, 301 F.3d 873, 876 (7th Cir. 2002).

The certification requirements of § 2255 ¶ 8 apply to a second or successive "motion." A motion under Rule 60(b) "fit[s] this description -- and must, if these statutes are to limit multiple efforts to obtain collateral review." Johnson, 196 F.3d at 805. Recharacterization by the sentencing court of a prisoner's successive collateral motions as falling under § 2255 does not pose the same risk as a similar recharacterization of an initial post-judgment motion. Melton, 359 F.3d at 857. The prisoner has already

3

enjoyed an initial round of collateral review and with it the protections set out in Castro v. United States, 540 U.S. 375 (2003).

Rivera did not receive authorization from the Court of Appeals to commence his successive attack. "From the district court's perspective, [the certification process] is an allocation of subject-matter jurisdiction to the court of appeals." Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996). Because the Court of Appeals has not given approval for the filing, this Court lacks jurisdiction and Rivera's Motion must be dismissed. See id.

THEREFORE, Petitioner's Motion Pursuant to Rule 60(b) (d/e 30) is DISMISSED for lack of jurisdiction. All pending motions, including the Government's Motion to Dismiss Petitioner's Motion under Fed. R. Civ. P. 60(b) (d/e 31), are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   October 18, 2004.

    FOR THE COURT:

                                  s/ Jeanne E. Scott
                                  JEANNE E. SCOTT
                        UNITED STATES DISTRICT JUDGE